IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANKLIN BARNES | ) | CASE NO. 1:10CV0527 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| OFFICER GREEN, *et al.* | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Franklin Barnes, an inmate incarcerated at the Marion Correctional Institution ("MCI") located at Marion, Ohio, brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Defendants Officer Green and Officer Holliday, both correctional officers employed by the Cuyahoga County, Ohio Jail.[1] He alleges that, on September 26, 2007, while he was held in jail awaiting trial, he asked Defendants for his medication prescribed for post-traumatic stress and Bi-polar Disorder. Earlier, he had asked a nurse for his medication and filed motions with the court, but was not successful. Plaintiff asserts that the refusal to provide his medication constitutes deliberate indifference in violation of his rights under the Eighth Amendment.[2]

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to

---

[1] Plaintiff's similar action, filed on November 16, 2009, against the Cuyahoga County Jail was dismissed on January 12, 2010. *Barnes v. Cuyahoga County Jail*, Case No. 1:09CV2671, 2010 WL 148136 (N.D. Ohio, Jan 12, 2010).

[2] When a claim is asserted on behalf of a pre-trial detainee, the claim is governed by Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment, though the standards applied are the same. *Phillips v. Roane County, Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008).

dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Even if Plaintiff may have a cause of action under the Eighth Amendment or Due Process Clause of the Fourteenth Amendment, it is apparent on the face of the complaint that the statute of limitations for bringing a § 1983 claim expired before Plaintiff filed this action. Although the statute of limitations is an affirmative defense, a complaint can be dismissed for failure to state a claim if the allegations of the complaint demonstrate that the claim would be barred by the applicable statute of limitations. Ohio's two year statute of limitations for bodily injury applies to § 1983 claims. *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097 (6th Cir.1995).[3] The conduct alleged in the complaint took place on September 26, 2007. This action was filed on March 12, 2010, beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. *See Castillo v. Grogan*, 52 Fed. Appx. 750, 751 (6th Cir. 2002) (district court may *sua sponte* dismiss complaint as time-barred when the defect is obvious); *Alston v. Tennessee Dept. of Corrections,* 2002 WL 123688 * 1 (6th Cir. Jan. 28, 2002) ( "Because the statute of limitations was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate.")*; Fraley v. Ohio Gallia County,* 1998 WL 789385 * 1 (6th Cir., Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* § 1983 action filed after two year statute of limitations for bringing such an action had expired); *Hunterson*

---

[3] Ohio Rev.Code § 2305.16 was amended to delete imprisonment as one of the disabilities which would toll the running of the period for causes of action accruing after July 13, 1991.

*v. Disabato*, 2007 WL 1771315 * 1 (3d Cir. June 20, 2007) (a district court may *sua sponte* dismiss a claim as time-barred where it is apparent from the complaint that the applicable limitations periods has run); *Ali v. Morgan,* 2009 WL 872896 * 3 (E.D. Ky., Mar. 27, 2009) (if a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue *sua sponte*)*;* *Balch v. City of Warren*, 2008 WL 687079 * 1 ((N.D. Ohio, Mar. 10, 2008) (same).

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1951(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**

        s/ Kathleen M. O'Malley
        JUDGE KATHLEEN M. O'MALLEY
        UNITED STATES DISTRICT JUDGE

DATED:  April 30, 2010